BOWEN, Judge.
Seventeen-year-old T.P.H. was adjudicated a delinquent on the charge of conspiracy to burn the shrimp boat “Blue Sun” in violation of 18 U.S.C. § 2273 (1988) (destruction of vessel by nonowner) 18 U.S.C. § 371 (conspiracy).[1] On this appeal from that adjudication, this Court rejects his argument that the evidence does not support his adjudication because the state failed to prove the ownership of the vessel.
The petition alleged:
“On or about July, 1989, the said [T.P.H.] did willfully attempt to cause the destruction of the vessel, ‘Blue Sun’ the property of the Chinh Lam Family, upon the high seas within the admiralty and maritime jurisdiction of the United States and further, did willfully and corruptly conspire, combine and confederate with other persons to cast away or otherwise destroy a vessel, to-wit: the ‘Blue Sun’ the property of the Chinh Lam Family, in violation of Title 18, sections 2273 and 371, which he did not own.”
Lam Chinh testified that he, his oldest son (Huynh Van Lam) and his daughter (Kim Lam) purchased the shrimp boat “Blue Sun.” Because none of them were citizens of the United States, Lam asked Minh Troung, a citizen, to document and register the boat with the Coast Guard. Troung was made the “official owner” of the boat through a sham bill of sale. Four months later, after the boat had been registered, Troung returned title to the vessel to the Lams. The title was then in the name of Lam’s son, Huynh Van Lam. Lam then approached Yen Van Huynh, the appellant’s father, who referred Lam to Bin Dang. Lam’s son put the boat in Dang’s name, just as had been done with Troung. Lam initially testified that his son did not sell his ½ interest in the boat to Yen, but then testified that he did not know where his son was and did not know whether his son had sold his interest in the boat to Yen.
Troung testified that the Lam family at one time owned the boat “Blue Sun.” He registered the boat for the Lam family in 1985, but he never bought or owned the boat. The boat was registered under his name for four months, after which Troung transferred title back to the Lam family, specifically to Huynh Van Lam, who represented the Lam family. However, he testified that Chinh Lam actually owned the boat. He lent the Lam family money to *1247 build the boat which was called the Sea Pony (formerly the “Blue Sun”).
The bill of sale shows that on April 16, 1985, Hon Van Lam (Huynh Van Lam) sold a boat hull to Minh Thanh Troung for $25,000. On that same day, Troung lent Hon Van Lam $25,000 “without any conditions and without any interest,” to be repaid “on or before the end of the year of 1990.” After Troung unsuccessfully attempted to obtain a mortgage on the boat for the Lam family, he sold the boat back to Hon Van Lam. A bill of sale dated July 19, 1985, shows that Troung sold the same hull to Hon Van Lam for $25,000. Troung testified that Hon Van Lam was acting for the Lam Chenh family.
Calvin Nix testified that in June, July, and August of 1989, the appellant’s father repeatedly asked him to burn the vessel. The appellant was present at some of these meetings and was entrusted with making the last “payoff” to Nix. According to Nix, Yen told him at the first meeting that “the Lam Family was giving him and his family a deal of problems. They was embarrassing his family with the community, the other Vietnamese, and [Yen] wanted to know if [Nix] could help him....” At that time, Yen offered Nix $500 to burn the “Blue Sun.” Nix contacted the FBI after talking to the Coast Guard and the Lam family lawyer. Later, at another meeting, Yen offered Nix $1,000 and then $1,500 to burn the boat. Nix testified that at that meeting, Yen told him that “the Lam Family was embarrassing him by fighting him [Yen] in court.” The State introduced into evidence tape recordings of conversations involving Nix, Yen, and the appellant. The boat was “burned” sometime between August 9th and August 14, 1989.
The prosecution introduced an order of the United States Magistrate for the Southern District of Alabama, dated November 3, 1989, appointing seven people as receivers for the vessel. Among those seven are Kim Huong Lam and Troung.
The appellant testified in his own behalf. He claimed that his father had a Vs interest in the boat but that he himself had no ownership interest in it. The defense contended, but did not prove, that the appellant’s father, Yen, purchased this ⅛ interest from Huynh Van Lam.
At the conclusion of the hearing, the trial judge stated:
“I recognize testimony has been presented there were ghost owners and ghost buyers of this particular boat. It was a fabricated boat, among other things. It is my opinion that issue, though, was overcome by testimony, either showing whole or partial ownership, and certainly not ownership in the defendant boy before the Court. The case is not as proven as this Court would prefer; however, I do find sufficient evidence to find that he did commit the offense as alleged of conspiracy.”
These comments are understandable because the short transcript of the delinquency hearing is very confusing. The alleged owner of the boat, Lam Chenh, spoke only Vietnamese and required the use of an interpreter. Because the initial owners of the boat were not American citizens, the true ownership of the boat had been deliberately hidden and disguised. However, although the actual ownership of the boat was never established, the evidence does show that the appellant was not an owner of the boat. Under 18 U.S.C. § 2273, the prosecution need merely show that the defendant was not an owner of the vessel.[2] Under that section, proof of the actual ownership need not be supplied.
The appellant argues that the conspiracy with which he was charged allegedly involved himself, his father, and Nix, and that the three of them could not form a conspiracy under 18 U.S.C. § 2273. He contends that Nix was not a conspirator, under the theory that “one who acts as a *1248 government agent and enters into a purported conspiracy in the secret role of an informer cannot be a co-conspirator.” United States v. Martino, 648 F.2d 367, 405 (5th Cir.1981), cert. denied, 456 U.S. 943, 102 S.Ct. 2007, 72 L.Ed.2d 465 (1982). The appellant then argues that his father had an ownership interest in the boat and could not be guilty of conspiracy to commit the offense defined in 18 U.S.C. § 2273 involving the destruction of a vessel by a nonowner. We reject this argument. “One who is incapable of committing the offense which is the object of the conspiracy may still be criminally liable for the conspiracy to commit it.” Cox v. State, 367 So.2d 535, 540 (Ala.Cr.App.1978), cert. denied, 367 So.2d 542 (Ala.1979). “[A] defendant may be guilty of conspiracy although he is incapable of actually committing the substantive offense." United States v. Gornto, 792 F.2d 1028, 1036 (11th Cir.1986).
The evidence is sufficient to sustain the adjudication of delinquency. The judgment is affirmed.
AFFIRMED.
All Judges concur.

. Under Ala.Code 1975, § 12-15-1(8), a "delinquent act” is "An act designated a crime under the law of this state or of another state if the act occurred in another state or under federal law_”

. Title 18 U.S.C. § 2273 is entitled "Destruction of vessel by nonowner” and states:
"Whoever, not being an owner, upon the high seas or on any other waters within the admiralty and maritime jurisdiction of the United States, willfully and corruptly casts away or otherwise destroys any vessel of the United States to which he belongs, or willfully attempts the destruction thereof, shall be imprisoned not more than ten years."